UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tyrone Raymond Johnson,                                    Case No. 3:25-cv-573

        Plaintiff,

    v.                                                   ORDER

Lieutenant Patterson, *et al.*,

        Defendants.

On March 7, 2025, Plaintiff filed a *pro se* prisoner civil rights complaint in the Southern District of Ohio. (Doc. No. 1). Chief Magistrate Judge Stephanie Bowman then issued an Order of Transfer on March 24, 2025, ordering, in part, that "Plaintiff's claims against Defendants Knecht, Patterson, and Lowery be severed from this case and transferred to the Northern District of Ohio, Western Division, for all future proceedings on those claims." (Doc. No. 2 at 4). After this portion of the case was transferred to the Northern District of Ohio, Magistrate Judge Darrell A. Clay ordered Plaintiff "either to pay the full filing fee of $405, or to file an application to proceed *in forma pauperis* demonstrating he meets the criteria of poverty, within 30 days of the date of [his May 19, 2025] order." (Doc. No. 4 at 1). Plaintiff did not file an application to proceed *in forma pauperis* but did timely pay the filing fee.

With this procedural background, I turn to the issue of service. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, the 90-day time limit for service expired on June 5, 2025. But although Plaintiff provided proposed summons for Defendants Lieutenant Patterson, A Lowery, and Sergeant Knecht with his Complaint on March 7, 2025, (Doc. No. 1-1 at 9-14), it does not appear that summons has been issued by the Clerk of Court for either the Southern or Northern Districts of Ohio. Accordingly, I find good cause exists to extend the time limit for Plaintiff to perfect service on Defendants.

At this juncture, I direct the Clerk of Court for this District to issue summons and order Plaintiff to perfect service of process within ninety (90) days of the date summons is issued. Plaintiff shall file proof of service verifying service was timely perfected as soon as practicable but no later than July 31, 2026. Failure to do so will result in dismissal of this action without prejudice under Rule 4(m).

I deny as moot Plaintiff's motion for default judgment. (Doc. No. 5). Because Defendants have not been served, their response to the Complaint is not yet due and they are not in default.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

2